MATHESON v. HANNA–SCHOELKOPF CO. et al.

(Circuit Court, E. D. Pennsylvania. February 20, 1904.)

No. 57.

1. FEDERAL COURTS—EQUITY—COSTS—FEE BILL—PLEADINGS.

United States Supreme Court equity rule 25 provides that in order to promote brevity, etc., the regular taxable costs for every bill and answer

¶ 1. Right to costs in equity, see note to Tug River Coal & Salt Co. v. Brigel, 17 C. C. A. 368.

shall in no case exceed the sum which is allowed in the state court of chancery in the district, if any there be, otherwise it shall not exceed $3 for every bill and answer. Rev. St. § 913 [U. S. Comp. St. 1901, p. 683], declares that the forms and modes of proceeding in suits of equity in the Circuit and District Courts shall be according to the principles, rules, and usages which belong to courts of equity, except when otherwise provided by statute or by rules of court in pursuance thereof. *Held* that, in the absence of an express rule of the Circuit Court dealing with the taxation of costs in equity, such court had power to allow costs for the drawing of the pleadings, decrees, and order of court in accordance with the established practice as authorized by a state statute (Acts Pa. 1842, § 9 [P. L. 433], and Acts Pa. 1864 [P. L. 775]) authorizing the taxation of 10 cents a line for the first page, and 6 cents a line for each subsequent page.

2. SAME.

Such allowance was not prohibited by Rev. St. § 823 [U. S. Comp. St. 1901, p. 632], forbidding solicitors in equity to receive any other compensation than that specified in section 824, and also declaring that nothing therein contained shall prevent attorneys from charging or receiving from their clients such reasonable compensation as may be agreed on, or may accord with general usage in the respective states, "in addition to taxable costs."

3. SAME—DEPOSITIONS.

The testimony of a witness taken before a master, and thereafter admitted in evidence before the master and before the Circuit Court on exceptions to his report, is a deposition within Rev. St. § 824 [U. S. Comp. St. 1901, p. 632], authorizing the taxation of $2.50 costs for each deposition taken and introduced in evidence in the cause.

4. SAME—MASTER'S REPORT—PRINTING.

Since United States Circuit Court equity rules 1 and 6, for the Eastern District of Pennsylvania, only provide for the printing of the pleadings and evidence on the hearing of exceptions to a master's report, costs cannot be allowed for printing the report, in the absence of a special order requiring the printing thereof.

Hector T. Fenton, for appellant.
Joseph C. Fraley, for appellee.

J. B. McPHERSON, District Judge. The first exception is to the action of the clerk in allowing the following items to the complainant's counsel:

Drawing bill of complaint .................................................... $12 40
    "     replication to company's answer............................. 2 20
    "     "    "  Hanna's answer ............................. 2 20
    "     interlocutory decree ....................................... 5 70
    "     final decree ............................................... 1 80

These costs were taxed according to the fee bill established by the court of nisi prius, under the authority conferred by section 9 of the Pennsylvania act of 1842 (P. L. 433), and established also by the court of common pleas of Philadelphia county under the act of 1864 (P. L. 775). The relevant clause of the fee bill is as follows:

"For drawing bill, answer or other pleading, demurrer, exceptions, interrogatories and any decree or order of court, for every page of thirty lines, each of ten words, ten cents for each line of the first page, and six cents per line for each subsequent page."

Under this clause costs in equity have been taxed in this court for many years, and the validity of such taxation was upheld by Judge

Dallas in National Harrow Co. v. Hench, 12 April Sessions, 1894, in equity. An appeal from this decision was dismissed by the Circuit Court of Appeals (81 Fed. 1005, 26 C. C. A. 686, 39 U. S. App. 765), but probably on the ground that no appeal lay from a decree for costs. In the Circuit Court, however, the question whether the taxation was valid was distinctly raised, for the first exception to the bill of costs was to an item, "Preparation of answer, $24.30," and the objection was distinctly put on the ground that "there is no authority in law for the allowance of this item." No opinion was filed, but the dismissal of the exception necessarily involved the decision that the item was authorized by law. The authority was no doubt found in the Twenty-Fifth equity rule of the Supreme Court of the United States, which reads as follows:

"In order to prevent unnecessary costs and expenses, and to promote brevity, succinctness, and directness in the allegations of bills and answers, the regular taxable costs for every bill and answer shall in no case exceed the sum which is allowed in the state court of chancery in the district, if any there be; but if there be none, then it shall not exceed the sum of three dollars for every bill and answer."

Nothing is said in this rule, or in any other, concerning costs to be allowed in respect of other pleadings than the bill and answer, but I think the authority of the Circuit Court to allow them is to be found in section 913 of the Revised Statutes [U. S. Comp. St. 1901, p. 683], which declares:

"The forms of mesne process, and the forms and modes of proceeding in suits of equity and of admiralty and maritime jurisdiction in the Circuit and District Courts, shall be according to the principles, rules and usages which belong to courts of equity and of admiralty respectively, except when it is otherwise provided by statute or by rules of court made in pursuance thereof," etc.

There is no express rule of the Circuit Court dealing with the taxation of costs in equity, but the established practice is the best evidence that the court has adopted the state fee bill, and has directed the clerk to apply it. The federal courts, as is well known, exercise the jurisdiction and follow the practice of the English court of chancery, whose power to fix and award costs is probably founded upon a statute of Richard II, and has always been freely used. 5 Ency. Pl. & Prac. 114.

It is urged, however, that section 823 of the Revised Statutes [U. S. Comp. St. 1901, p. 632] forbids solicitors in equity to receive any other compensation than is specified in section 824. This argument is based upon the fact that section 823 declares that "the following and no other compensation shall be taxed and allowed to attorneys, solicitors and proctors in the courts of the United States," etc. But I think this argument overlooks the qualification that is found in the next sentence, which saves the right of solicitors, attorneys, and proctors to charge to, and receive from, their clients such reasonable compensation as may be agreed upon, or may accord with general usage in the respective states, "in addition to the taxable costs." This section can only mean, I think, that whatever costs were then properly taxable in favor of attorneys, solicitors, and proctors are still to be

theirs, in addition to the compensation provided for by section 824. The first exception is accordingly dismissed.

The second exception is to the allowance of $2.50 for each deposition taken before the master and admitted in evidence before him and before the Circuit Court on exceptions to his report. This objection is based upon the argument that the testimony of a witness examined before a master is not a "deposition," within the meaning of section 824. It would be a work of supererogation to discuss this question after Judge Hammond's careful and exhaustive examination of the subject in Ferguson v. Dent (C. C.) 46 Fed. 88, and I content myself, therefore, with referring to his opinion as a conclusive reason for the dismissal of this exception.

The third exception, however, which objects to the cost of printing the master's report, must be sustained. Rules 1 and 6 of the equity rules of the Circuit Court for this district only provide for the printing of the pleadings and the evidence, and a master's report is neither. Therefore, as no special order for the printing of the report was made, the item must be disallowed.

Thus modified, the clerk's taxation is approved.